In the Matter of the Application of LOUIS P. FUHRMANN
et al., as Constituting the Board of Education of the
City of Buffalo, Respondents, for an Order of Man-
damus against ROSS GRAVES, as Commissioner of
Finance and Accounts of the City of Buffalo, Appellant.

**Buffalo (city of) — board of education — authority to employ
superintendents and teachers of schools and fix their salaries —
city council has control only as to total amount to be expended
— though council reduces estimated salary of superinten-
dent, commissioner of finance and accounts not justified in
refusing to countersign warrant of board for salary at amount
fixed by it where there are funds to its credit sufficient to
meet it.**

1. The board of education of the city of Buffalo is a corporation
and has charge of the public school system of such city with sole
and exclusive authority to employ superintendents and teachers and
fix their salaries (L. 1919, ch. 645) and is in no way controlled by
the city council except as to the total amount that shall be expended
for educational purposes. In the last instance the board, in the
exercise of its discretion, must determine for itself how the money
within its control shall be expended, to the end that an efficient system
of education in the city shall be maintained.

2. Where the board of education had fixed the salary of a super-
intendent of schools and transmitted to the commissioner of finance
and accounts an estimate of the amounts required for payment of
salaries, made up of different items among which was one for the salary
of the superintendent, and thereafter the city council reduced the
total estimate and among others reduced the estimated salary of
the superintendent, the commissioner of finance and accounts is not
justified in refusing to countersign a warrant of the board for salary
of the superintendent at the amount fixed by the board so long as
there was sufficient funds to the credit of the board to meet the amount
represented by the warrant. Subdivision 3 of section 880 of the
Education Law, as amended by chapter 786 of the Laws of 1917,
requires that the said commissioner shall countersign warrants drawn
by the board and he was not authorized to determine the legality
of the charge. The salary of the superintendent had been fixed
by the board. It had a right to fix it and it had a right to determine
how and when it should be paid. The warrant in question was drawn

strictly in accordance with its direction and for that reason the superintendent was entitled to be paid the amount called for.

*Matter of Fuhrmann* v. *Graves*, 203 App. Div. 507, affirmed.

(Argued January 9, 1923; decided February 27, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 29, 1922, which unanimously affirmed an order of Special Term granting a motion for a peremptory order of mandamus.

*William S. Rann, Corporation Counsel (Jeremiah J. Hurley* of counsel), for appellant. The board of education must confine its expenditures to the budget as allowed by the council. (*Matter of Emerson* v. *Buck*, 230 N. Y. 380.) Each item of the budget constitutes an appropriation of the money for the purpose stated in the item and the sum may not be used by the board of education for any other purpose. (*Matter of Dobrovolny* v. *Prendergast*, 219 N. Y. 280; *People ex rel. O'Laughlin* v. *Bd. of Estimate*, 167 App. Div. 76; 216 N. Y. 625; *Emerson* v. *Buck*, 230 N. Y. 280; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297.) The commissioner of finance and accounts and treasurer as city officers under the Education Law constitute a check on the board of education in the disbursement of its moneys. (*Matter of Flaherty* v. *Craig*, 226 N. Y. 76; *People ex rel. City College* v. *Hylan*, 116 Misc. Rep. 334; 198 App. Div. 998.)

*Simon Fleischmann* and *Martin Clark* for respondents. The board of education was authorized to draw the order, which it drew, for the salary of the superintendent of schools, upon the basis of an annual salary of $10,000. (*B. P. Library* v. *Craig*, 201 App. Div. 722; *Hogan* v. *Bd. of Education*, 137 App. Div. 255; *Bantovitch* v. *G. S. Lumber Co.*, 56 So. Rep. 1026; *Case Nat. F. Ins. Co.* v. *Duncan*, 98 Pac. Rep. 637; *Matter of Fleischmann* v. *Graves*, 118 Misc. Rep. 214.) Under the Education Law of the state, the board of education of Buffalo is a sepa-

rate corporation as distinguished from the municipal corporation known as the city of Buffalo, and each derives its powers directly from the state.    (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125; *Matter of Emerson* v. *Buck*, 230 N. Y. 380; *People ex rel. Fleischmann* v. *Graves*, 118 Misc. Rep. 214; *Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *Barker* v. *Town of Floyd*, 61 App. Div. 92; *Matter of Troy Press*, 187 N. Y. 279; *Matter of McIntyre*, 124 App. Div. 66; *Matter of McAneny* v. *Bd. of Estimate*, 232 N. Y. 377; *Bassett* v. *Fish*, 75 N. Y. 303; *Taylor* v. *Matthews*, 10 Ga. App. 852.)    The city council was legally obliged to raise funds for the salary of the superintendent of schools as fixed by the board of education, and the appropriations which it made for school purposes are presumed to have included sufficient for such salary. (*People ex rel. Cropsey* v. *Hylan*, 199 App. Div. 218; *People ex rel. College* v. *Hylan*, 116 Misc. Rep. 334; *Freeman* v. *Freeman*, 126 App. Div. 603; *Town of Fort Edward* v. *H. V. Ry. Co.*, 127 App. Div. 438; *People ex rel. Hall* v. *Supervisors*, 13 Abb. [N. C.] 421; *Burke* v. *State of New York*, 64 Misc. Rep. 558; *Kirby* v. *State of New York*, 68 Misc. Rep. 626; *People ex rel. Simon* v *Bradley*, 207 N. Y. 592; *Matter of McAneny* v. *Bd. of Estimate*, 232 N. Y. 377.)    The board of education acted within its express power in employing the superintendent of schools, fixing his salary and in incurring the obligation of the city for the payment thereof.    (*Matter of Emerson* v. *Buck*, 230 N. Y. 380; *Van Dolson* v. *Bd. of Education*, 162 N. Y. 446.)    The receipt, custody and disbursement of moneys to support the public school system in the city of Buffalo are now exclusively controlled by the provisions of the Education Law.    (*People ex rel. Cisco* v. *School Board*, 161 N. Y. 598; *Gunnison* v. *Bd. of Education*, 176 N. Y. 11; *People ex rel. Bd. of Education* v. *Finley*, 211 N. Y. 51; *People ex rel. Hylan* v. *Finegan*, 227 N. Y. 219; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297.)

McLAUGHLIN, J. The board of education of the city of Buffalo is a corporation. (*Matter of Fleischmann* v. *Graves*, 235 N. Y. 84.) It has charge of the public school system of such city, with sole and exclusive authority to employ superintendents and teachers and fix their salaries. (Laws of 1919, chap. 645; *Matter of Emerson* v. *Buck*, 230 N. Y. 380.) On the 26th of December, 1919, in pursuance of the power thus given, it fixed the salary of Ernest C. Hartwell, one of the respondents, as superintendent of schools, at $10,000. Earlier in the year his salary had been fixed at the same amount by the board of education, with the consent and approval of the city council. He was regularly paid that salary from the time when it was so fixed to July, 1922, when the appellant Graves, as commissioner of finance and accounts, refused to countersign the warrant for $416.66, his salary for the first half of the month of July on the basis of an annual salary of $10,000. The board of education thereupon applied to the Special Term of the Supreme Court for an order of mandamus compelling him to do so. The application was granted. An appeal was then taken to the Appellate Division, fourth department, where the order was unanimously affirmed, with leave, however, to appeal to this court on the ground that a question of law was presented which ought to be here reviewed.

In January, 1922, the board of education transmitted to the defendant an estimate of the amounts which would be required for the payment of salaries of the superintendent, teachers, supervising staff and other employees of the department of education of the city of Buffalo for the fiscal year beginning July 1, 1922. The total amount so estimated was $8,276,906.32. It was made up of 166 different items, among which was one for $10,000, the salary of the superintendent of schools. The total estimate was reduced by the city council to $7,214,219.88, and among other reductions was the

estimated salary of the superintendent of schools from $10,000 to $7,000.

On the 1st of July, 1922, there was placed to the credit of the board of education for educational purposes for the fiscal year beginning at that time, the amount allowed by the council, $7,214,219.88, of which $6,148,627.50 was for the salary of superintendent, teachers and other employees of the department of education, so that there was, at the time the warrant here in question was drawn and presented to the appellant for his signature, sufficient funds to the credit of the board to meet the amount represented by the warrant. Notwithstanding that fact, he refused to countersign the same, upon the ground that the council, in the exercise of its discretion, had determined not only the gross amount to be raised and used for educational purposes, but also that of such amount only $7,000 could be used for the payment of the superintendent's salary and for that reason he had no authority to countersign a warrant for the first half of the month of July based upon a salary of $10,000.

The board of education of the city of Buffalo, as before stated, is a separate and independent corporation. It is not tied to or connected with the city council. It is charged by law with certain definite and well-defined duties. It is given very broad powers in the administration of the public educational system of the city and these powers are exclusive and in no way controlled by the city council, except as to the total amount that shall be expended for educational purposes. The board not only fixes the salaries of the superintendent and teachers (where they are not otherwise fixed by law) but it also fixes the amount to be paid other employees. (*Matter of Emerson* v. *Buck, supra.*) The funds which the board has under its control, and which it is held responsible for disbursing, are derived largely from: (a) An amount annually appropriated by the legislature for the support

6

of common schools and apportioned by the commissioner of education. The amount so appropriated is required to be used exclusively for the payment of teachers' salaries (Education Law [Cons. Laws, ch. 16], sec. 490.); (b) appropriations by the city council, raised by taxation as a part of the city budget (Education Law, sec. 877, subd. 6, as amended by Laws of 1917, chap. 786); and (c) proceeds derived from the sale of textbooks, tuition of pupils, and other small items.

The intent of the legislature in enacting the Education Law is clear. It imposes upon boards of education, as separate corporate bodies representing the state, the responsibility of furnishing an efficient system of public education (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125), and in this respect they are not subject to or controlled by the city authorities. In order to enable such boards to properly discharge the duties thus imposed, they are clothed with authority to act independently of the city authorities. As to when, how and where the amounts placed at their disposal shall be disbursed, each board exercises an independent judgment, uncontrolled by and in no respect interfered with or influenced by the city authorities. The boards cannot incur a liability or an expense chargeable against the funds under their control except for educational purposes, and this only to the extent of the amounts placed at their disposal. (Education Law, sec. 877, subd. 3, as amended by Laws of 1917, chap. 786.) While such boards are required each year to submit to the city council itemized estimates of the amounts which will be required for educational purposes for the fiscal year (Education Law, as amended by Laws of 1917, chap. 786, sec. 877, subd. 1) the council may, nevertheless reduce, in its discretion, the total amount thus estimated. (*Matter of Emerson* v. *Buck, supra.*) The council has control over the total amount to be used for educational purposes and in this respect the board of education is

controlled. This, however, is the extent of the city council's power. It can reduce the total amount to be expended, but cannot control the way in which such expenditure shall be made. As to the estimated amount required, as indicated in the items, it has no power to reduce, modify or qualify the same, and whenever it does so it is by way of suggestion only to the board of education that by reducing those items it can keep within the total amount appropriated. Notwithstanding such suggestions the board, in the last instance, in the exercise of its discretion, must determine for itself how the money within its control shall be expended, to the end that an efficient system of education in the city shall be maintained.

Section 880, subdivision 3, of the Education Law, as amended by chapter 786, Laws of 1917, requires that the commissioner of finance and accounts shall countersign warrants drawn by the board, and in addition to this the board is required to classify its funds and furnish the necessary data for that purpose. This is to enable the financial officer of the city to keep an account of its disbursements and insure compliance with statutory requirements as to the use of such funds for educational purposes, and also the genuineness of the signature of the board on the warrants.

The fact being undisputed that there were sufficient funds to the credit of the board, moneys appropriated for the payment of superintendent's and teachers' salaries, the appellant had no power, and he was not authorized to determine the legality of the charge. That being so, he was not justified in refusing to countersign the warrant in question. The salary of the superintendent had been fixed by the board. It had a right to fix it. It also had a right to determine how and when it should be paid. The warrant in question was drawn strictly in accordance with its direction and for that reason the superintendent was entitled to be paid the amount called for.

The order of the Appellate Division should, therefore, be affirmed, with costs.

HISCOCK, Ch. J., POUND, CRANE and ANDREWS, JJ., concur; CARDOZO, J., concurs in result; HOGAN, J., dissents.

Order affirmed.