In the Matter of the Application of GEORGE T. KELLY, Respondent, for a Peremptory Mandamus Order Directed to ROBERT D. FERGUSON, as Comptroller of the City of Yonkers, New York, Appellant.

Second Department, May 24, 1923.

Municipal corporations — mandamus to compel comptroller of city to draw warrant for payment of installment due on building contract — contract provided for payments not to exceed eighty-five per cent of full value of " work done and materials furnished "— amount used as basis included premium on contractor's bond — contractor not entitled to eighty-five per cent of premium as such — it was duty of comptroller to refuse to audit and allow claim.

Peremptory mandamus will not issue to compel the comptroller of the city of Yonkers to draw a warrant on the treasurer of the city and to countersign the treasurer's check to pay an installment alleged to be due on a contract between the petitioner and the board of education of the city for the construction of a building where it appears that the contractor was entitled to receive eighty-five per cent of the " work done and materials furnished " as the work progressed, but that the architect in making his certificate, on which it was claimed the warrant should have been drawn, used as a basis the amount of the premium for the contractor's bond plus the amount due for excavation and certified that eighty-five per cent of the total amount was due; the contractor is entitled to receive a percentage only of the actual value of " work done and materials furnished " and to that extent the mandamus order is proper.

The comptroller had the power and it was his duty to examine the requisition for payment and to question it if it appeared to be illegal and unauthorized, for, if he had audited or allowed the claim knowing that it was false or fraudulent and should not be paid, he would have been guilty of a crime under section 1863 of the Penal Law.

APPEAL by the defendant, Robert D. Ferguson, as comptroller, etc., from a peremptory mandamus order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 26th day of February, 1923, commanding the defendant forthwith to draw, or cause to be drawn, his warrant on the treasurer of the city of Yonkers, New York, and to countersign said treasurer's check to pay the petitioner an installment alleged to be due on a contract between the petitioner and the board of education of said city.

*James Taylor Lewis, Corporation Counsel,* for the appellant.

*Francis J. Duffy,* for the respondent.

PER CURIAM:

The contract provides for payments to the contractor " not to exceed eighty-five per cent (85%) of the full value of the work done and materials furnished, as the work progresses," and " On the last day of each and every calendar month, the Contractors' statement as herein provided shall be submitted to the Architect,

covering 85% of the value, proportionate to the amount of the contract, of labor and materials incorporated in the work up to the said last day of the month." The contractor began work on the 16th day of December, 1922, and on January 1, 1923, applied to the architect for payment of moneys due for the month of December, 1922. This would cover but fifteen days' work including Sundays and holidays. The architect issued a certificate that the contractor was entitled to a first payment of $9,346.02, and the certificate of the architect was approved by the secretary of the board of education, the chairman of the committee on architecture and construction of the board of education, and also by the Fidelity and Deposit Company of Maryland, the surety on the contractor's indemnity bond referred to in the " proposal " and in article 4 of the contract. There is no dispute in the record that the amount of this first payment was arrived at by taking the amount paid as premium on the contractor's bond, viz., $9,733.32, and the amount due for excavation, $1,262, aggregating $10,995.32, and deducting fifteen per cent, leaving $9,346.02, the amount of the certificate. The comptroller offered to pay eighty-five per cent of the amount due for excavation but refused to pay the balance of the sum certified, which represented eighty-five per cent of the sum paid as premium, upon the ground that said premium was not " labor or material furnished " and because there is no provision in the contract requiring the city to pay the premium upon the contractor's bond. While the amount of the premium may have been a proper item to be considered by the contractor in making up his bid and while he doubtless included other proper overhead expenditures or charges, when he came to sign the contract he made no provision that the city should pay eighty-five per cent or any part of these charges as the work progressed. These monthly payments on account were expressly limited to payments for " labor and materials." The amount of the expenditure in December, 1922, for labor and materials was $1,262. Under the contract he was entitled to eighty-five per cent of that amount. He is entitled to reimbursement for premium paid and other proper incidental expenditures and charges in his final payment due under the contract when the work is completed. We entertain no doubt on the facts in this case as to the power and duty of the comptroller to examine requisitions for payments of money from the city treasury and to question illegal or unauthorized demands. This is not a case where he is seeking to question the amount agreed to be paid on the contract (*Matter of Freel*, 148 N. Y. 165), or the propriety of the work (*People ex rel. Smith* v. *Clarke*, 174 id. 259), or whether the contractor has complied with the statutes relative to

prevailing rates of wages. (*People ex rel. Rodgers* v. *Coler*, 56 App. Div. 98.) Nor do the decisions in the Buffalo cases cited by the petitioner (*Matter of Fleischmann* v. *Graves*, 118 Misc. Rep. 214; affd., 202 App. Div. 825; *Matter of Fuhrmann* v. *Graves*, 235 N. Y. 77) apply to the facts here. The board of education may be a separate corporation, but the title to the school building is in the city of Yonkers (Yonkers City Charter [Laws of 1908, chap. 452], art. 9, § 1), and the money paid to the contractor is the city's money paid from the city treasury, to be raised by issue of city bonds. (Id. § 11.) This is not a case where the board of education has possession and control of a fixed fund to be paid out under their supervision or where the exact amount of the payments is fixed by law or by the contract. The money is the city's money and the comptroller is the guardian of that money. By Penal Law, section 1863, a public officer whose duty it is to audit, allow or pay, or take part in auditing, allowing or paying claims upon a city, who knowingly audits, allows or pays or directly or indirectly consents to payment of any claim which is false or fraudulent, is guilty of felony. When the certificate was presented calling for a payment not provided for in the contract, it was his right and duty to object.

The peremptory order of mandamus should be modified so as to provide for the payment of eighty-five per cent of the amount due for labor and materials actually furnished, and as so modified affirmed, without costs.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ.

Peremptory mandamus order modified so as to provide for the payment of eighty-five per cent of the amount due for labor and materials actually furnished, and as so modified unanimously affirmed, without costs. Settle order on notice.