# CASES REPORTED WITH BRIEF SYLLABI

### AND

## DECISIONS HANDED DOWN WITHOUT

## OPINION

---

### FIRST DEPARTMENT, MAY, 1924.

In the Matter of the Application of THE CLAYTON COMPANY, INC., Respondent, for an Order of Mandamus against CHARLES L. CRAIG, as Comptroller of the City of New York, Appellant.

*Municipal corporations — peremptory mandamus against comptroller of city of New York to compel payment of judgment against board of education — refusal to pay based on fact that appropriation for board of education was exhausted before obligation was incurred — peremptory order affirmed.*

Appeal from an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office December 20, 1923, granting a motion for a peremptory mandamus order.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Dowling, Smith, Finch, McAvoy and Martin, JJ.; Finch, J., dissenting.

FINCH, J. (dissenting): It appears that in June, 1918, the relator at the request of the board of education furnished and attached two automobile tire carriers; that the board of education audited the claim of the relator and filed a voucher for its payment with the comptroller, but that payment was refused because the appropriation for the board of education for the year in which the liability had been incurred had been exhausted, and the board of estimate and apportionment refused to include in the budget for the year in which the claim was presented any appropriation therefor, and the comptroller had no funds under his control or in his custody available for the payment thereof. It appears further that in September, 1919, the relator brought suit against the board of education in the Municipal Court, and in February, 1920, obtained a judgment for seventy-eight dollars, upon which execution has been issued against the board of education and returned wholly unsatisfied. The city of New York was not, and could not properly be, a party to said action, however. (*Gunnison* v. *Board of Education,* 176 N. Y. 11; *Titusville Iron Co.* v. *City of New York,* 207 id. 203.) The extent to which the board of education may incur liabilities and the manner and means for satisfying the same are specifically provided for by the Education Law and the Greater New York charter. Section 877 of the Education Law* provides for the submission of annual itemized estimates by the board of education on or before the first day of September for the ensuing fiscal year, and further provides

* Added by Laws of 1917, chap. 786.—[REP.

51

that if the total amount requested in such estimate shall be equivalent to or less than four and nine-tenths mills on every dollar of assessed valuation of the real and personal property liable to taxation, the board of estimate and apportionment shall appropriate such amount, but if the total shall exceed said limitation, such estimate shall as to the excess thereof " be subject to such consideration and such action by the board of estimate and apportionment, the board of aldermen, and the mayor as that taken upon departmental estimates submitted to the board of estimate and apportionment." It further is provided that the board of education to meet emergencies may submit a special estimate of extra expenses to be treated and considered in the same manner as the regular annual estimate. Said section further provides that the board of education shall not incur a liability or expense chargeable against the funds under its control or the city for any purpose in excess of the amount appropriated or available therefor or otherwise authorized by law. Section 1542 of the charter* provides that no charge, claim or liability shall exist or arise against the city for any sum in excess of the amount appropriated. Section 226 of the charter† provides that after the various steps for the consideration of the budget have been taken and the budget certified, the said several sums shall be and become appropriated to the several purposes therein named. Since the claim in question rests upon a liability incurred by the board of education in excess of its appropriations, before the same can be paid, it is necessary to obtain a special appropriation therefor in the manner provided by law as heretofore stated. This appropriation has been refused by the board of estimate and apportionment, and, therefore, the comptroller is without authority to pay the same because there is no fund out of which to make payments. It follows that this application as against the comptroller cannot be ,sustained. Subdivision 10 of section 877 of the Education Law provides: " A board of education shall not incur a liability or an expense chargeable against the funds under its control or the city for any purpose in excess of the amount appropriated or available therefor or otherwise authorized by law." The words of Judge McLaughlin, although referring to the board of education of the city of Buffalo, would seem applicable *mutatis mutandis* to the board of education of the city of New York (*Matter of Fuhrmann* v. *Graves*, 235 N. Y. 77, at p. 82): " The intent of the Legislature in enacting the Education Law is clear. It imposes upon boards of education, as separate corporate bodies representing the State, the responsibility of furnishing an efficient system of public education (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125), and in this respect they are not subject to or controlled by the city authorities. In order to enable such boards to properly discharge the duties thus imposed, they are clothed with authority to act independently of the city authorities. As to when, how and where the amounts placed at their disposal shall be disbursed, each board exercises an independent judgment, uncontrolled by and in no respect interfered with or influenced by the city authorities. The boards cannot incur a liability or an expense chargeable against the funds under their control except for educational purposes, and this only to the extent of the amounts placed at their disposal." To the same effect, Judge Crane wrote: " * * * This court held, as above stated, that while the board of education could expend its moneys for the purposes stated in the Education

* Laws of 1901, chap. 466, § 1542.— [REP.
† Amd. by Laws of 1917, chap. 258.— [REP.

Law, the total amount of its expenditures to be included in the budget for an ensuing year was subject to the discretion and action of the city authorities. This, we held, must be so on account of the amounts which the city had to raise for other municipal purposes, having in mind always the provisions of article VIII, section 10, of the State Constitution that taxes to be raised shall not exceed two per cent of the assessed valuation of the real and personal estate of the city." (*Matter of Fleischmann* v. *Graves*, 235 N. Y. 84, 87.) The Special Term in granting the motion relied upon the authority of *People ex rel. Wells & Newton Co.* v. *Craig* (232 N. Y. 125). The facts in that case are radically different from those in the case at bar, since in the cases cited, the board of estimate and apportionment had actually appropriated the amount required to pay the claim, and it thereupon became the duty of the comptroller to pay the same. It is clear that the effect of sustaining the order appealed from would be to relieve the board of education of the statutory limitation imposed upon expenditures. It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.