KANE-CADILLAC COMPANY, Plaintiff, *v.* CITY OF BUFFALO and Another, Defendants.

Supreme Court, Erie County, February 28, 1927.

**Municipal corporations — schools — action for specific performance of contract of purchase by city of Buffalo of school site — city board of education recommended acquisition of site owned by plaintiff — power to select school sites rests with education board subject to power of city council to accept or reject site — concurrence by council in action of education board is not appropriation of moneys within meaning of Buffalo city charter (Laws of 1914, chap. 217), § 32 — acceptance of option by three of five members of city council supplemented by plaintiff's tender of deed constituted valid contract — payment must be made to plaintiff out of available funds.**

Plaintiff, having tendered to the city council of Buffalo its deed and a guaranteed tax and title search of certain vacant land which the Buffalo board of education had recommended to said council as a site for a school, and the city council by a three to two vote having accepted the option given by the plaintiff to purchase the site, is entitled to specific performance of the city's contract for the purchase of said site.

The acceptance of the option supplemented by plaintiff's tender of its deed and search constituted a valid contract on which the city of Buffalo is liable.

The power to select school sites rests in the Buffalo board of education subject to the power of the city council to accept or reject the site recommended, but in no event is the council empowered to select a different site.

The concurrence by the city council in the action by the board of education recommending the acquisition of plaintiff's site was not an appropriation of moneys within the meaning of section 32 of the Buffalo city charter (Laws of 1914, chap. 217), and consequently the acceptance by the city council of the site became effective by the vote of three of the five members of the board by virtue of section 10 of the Buffalo city charter.

Since the duty of the municipality to pay is as certain as the duty of the plaintiff to sell, payment must be made out of available funds of the city; the method of providing said funds is a matter of concern only to the city itself.

ACTION for specific performance of contract for purchase of land.

*Falk, Phillips & Schlenker* [*Edward C. Schlenker* and *Louis E. Desbecker* of counsel], for the plaintiff.

*Frederic C. Rupp, Corporation Counsel* [*Andrew P. Ronan, Fred C. Maloney* and *Elmer S. Stengel* of counsel], for the defendants.

HINKLEY, J. This action is brought by plaintiff, asking specific performance of an alleged contract of purchase by the defendant city, for the purpose of a vocational school, of certain vacant land, triangular in shape, facing upon Main street, East Delavan and Jefferson avenues, in the city of Buffalo, and known as the " Carnival Court site."

The following facts appear without dispute: The board of education of the city of Buffalo, after an extended investigation, selected the site in question owned by the plaintiff. The board of education communicated to the city council its determination of the necessity for a vocational school, with a recommendation that the " Carnival Court site " be acquired, either by purchase, in accordance with the option submitted by plaintiff, or by condemnation proceedings. The defendant city, by a vote of three of its five commissioners, accepted the option given by plaintiff to purchase the site for $300,000. The plaintiff thereafter tendered its deed and guaranteed tax and title search, and demanded specific performance of the contract.

There is but one question for determination. Did the offer by plaintiff and the subsequent acceptance of that offer by a vote of three of the members of the council of the defendant city of Buffalo, and the subsequent tender by plaintiff of its deed and search, constitute a valid contract?

The defendants' counsel contends that four votes were required for such acceptance of the option, and that the action of the council was invalid in that the subject-matter did not remain on file with the city clerk for public inspection for one week and was not published three times, in accordance with section 32 of the Buffalo city charter (Laws of 1914, chap. 217), substantially duplicated by Local Law No. 1, p. 329, Council Proceedings, Feb. 10, 1926, adopted Feb. 24, 1926.

The respective powers and duties of the board of education and the council of the city of Buffalo are defined by the Education Law, and have received definite judicial interpretation. Tersely stated, " the only relation of the city to the subject of education is as custodian of the school funds and to disburse the same according to the instructions of the board of education." (Education Law, art. 33-A, §§ 875, 876; *Matter of Fuhrmann* v. *Graves*, 235 N. Y. 77; *Matter of Fleischmann* v. *Graves*, Id. 84, 95.)

A further limitation upon the exclusive power of the board of education is applicable to the city of Buffalo and as contained in section 876 of the Education Law (added by Laws of 1917, chap. 786, as amd. by Laws of 1918, chap. 252) is as follows: " * * * except that in a city in which the common council, board of contract and supply or other city officers or body are authorized and empowered by law to acquire title to real property for school purposes under the laws in force at the time this act goes into effect, said council, board, officers or body shall continue to possess such powers and shall exercise the same, including the power to condemn real property for said purposes, under the provisions of law

relating thereto notwithstanding any of the provisions contained in this act."

The power to initiate and carry through the various steps toward the selection of necessary sites for school purposes is, therefore, vested in the board of education, subject only to the veto power of the council to accept or reject a site or sites recommended by the board of education. The council is in no way empowered to select a different site. If the council properly reject the site recommended by the board of education, another site must be selected by that board. If the council concur in the action of the board of education, then, if funds are not available, they are made so, as provided in sections 875, 877, 879 and 880, as amended, of the Education Law. The concurrence, therefore, by the council, in the action of the board of education, is not an appropriation of moneys within the meaning of section 32 of the city charter (Local Law, No. 21, 1926). The appropriation, when made, will be by the board of education, subject only to the power of the council to control the total amount to be used by the board of education for educational purposes, by reducing such total amount. The council must disburse the various items of that total amount according to instructions from the board of education. (*Matter of Fuhrmann* v. *Graves*, 235 N. Y. 82; *Matter of Fleischmann* v. *Graves*, Id. 95.)

The action of the council in concurring with the action of the board of education in the selection of a particular site is controlled by section 10 of the city charter, to wit: " Three members of the council shall constitute a quorum, and the affirmative vote of three members shall be necessary to adopt any motion, resolution or ordinance, or to pass any measure, unless a greater number is required by the provisions of this act."

There being no greater number of votes required by the provisions of the charter, it follows that the acceptance or rejection by the council of the selection of a site recommended by the board of education may become effective by the vote of three of the five members of the council.

The acceptance by vote of three of the five members of the council of the option given by plaintiff, supplemented by the plaintiff's tender of its deed and search, constituted a valid contract. (*Parr* v. *President of Village of Greenbush*, 72 N. Y. 463.)

Payment must be made out of available funds, by annual budget, special budget or bond issue. (Education Law, §§ 875, 877, 879, 880, as amd.)

The only limitations upon a three-fifths vote are that in the event that the council seeks to temporarily use moneys of the general fund to meet an increased expenditure beyond the fiscal

year estimate under the power contained in section 104 of the charter, or seeks to issue bonds under the authority of section 879 of the Education Law, a four-fifths vote will be required.

Sections 290 to 293 of chapter 217 of the Laws of 1914, which chapter is known as the charter of the defendant city of Buffalo, were specifically repealed by chapter 786 of the Laws of 1917, known as article 33-A of the Education Law. No argument can bring those sections to life, particularly in view of the fact that ample methods are provided in the Education Law for financing educational projects.

The defendant city, in the manner prescribed by law, purchased the site in question. The rights of plaintiff and the defendant city thereupon became fixed and their obligations determined. The duty of the municipality to pay became as certain as the duty of the plaintiff to sell. The method of providing funds for the payment of the purchase is a matter of concern to the defendants only, and in no way concerns the plaintiff, so long as the defendant city entered, as it did, into a valid contract.

Judgment may be entered for the relief demanded in the complaint, with costs to the plaintiff.