BOARD OF· EDUCATION OF THE CITY OF SYRACUSE, Plaintiff, v COMMON COUNCIL OF THE CITY OF SYRACUSE, Defendant.

Fourth Department, December 12, 1975

*Melvin & Melvin (Charles H. Thompson* of counsel), for plaintiff.

*Oot, Setright & Ciabotti (Victor J. Ciabotti* of counsel), for defendant.

*Carroll, Carroll & Butz (Theodore F. Denno* of counsel), for Fred Pelosi and others, *amici curiae.*

CARDAMONE, J. This action which was commenced by the filing of a submission on agreed facts (CPLR 3222) in the office of the County Clerk of Onondaga County on October 8, 1975, seeks a judgment declaring the rights of the parties with respect to selection and acquisition of a new school site.

The parties stipulated that: on June 20, 1972 plaintiff Board of Education of the City of Syracuse (Board) appointed a citizens committee to recommend a site for the construction of a new elementary school which was to replace four inadequate elementary schools in the near north side of the City of Syracuse. On March 18, 1975 the Board of Education adopted a resolution to proceed without delay in the acquisition of a site and the construction of the new school. The superintendent of schools was authorized to request the Common Council of the City of Syracuse to instruct the Corporation Counsel for the city to proceed with negotiations with the appropriate parties for the purchase or acquisition of site A-2. On March 19, 1975 the superintendent of schools transmitted the March 18, 1975 resolution to the city clerk for his transmittal to the council. On May 19, 1975 a resolution, later amended to proposed Ordinance No. 279, was on the agenda. This ordinance proposed that the council, subject to the approval of the Board of Estimate, direct the Commissioner of Public Works in conjunction with the Corporation Counsel to conduct negotiations or condemnation proceedings for the acquisition of site A-2. It further proposed that the Common Council request the city planning commissioner to initiate appropriate proceedings for the abandonment of certain streets for school

purposes. The Common Council vote was 7 to 1 in favor of proposed Ordinance 279.[1]

On July 29, 1975 the city engineer established the cost for the entire project to be $6,200,000. On August 25, 1975, at the request of the Board, an ordinance was introduced before the council authorizing bonding in the amount of $6,200,000 for the acquisition and construction of the proposed school. At the September 8, 1975 council meeting the proposed bonding ordinance was amended by a 6 to 2 vote to increase the amount to be voted upon to $6,513,000. The vote on the bond ordinance, as amended, was 4 to 4, insufficient for passage, as six affirmative votes are required. Following the failure of passage of the bonding ordinance, an ordinance entitled "Ordinance Authorizing the Acquisition of Land and the Construction of Near Northeast Elementary School" was withdrawn.

The Board claims that on the facts submitted it is entitled to a judgment declaring that the plaintiff Board had and has the sole legal right to select a site for a new school and that the defendant council must direct acquisition of the property and provide the funds for the acquisition. The defendant council on the other hand, contends that on the facts submitted it is entitled to judgment and further that the defendant council has the sole and exclusive power to veto in its discretion any site chosen by the Board.

There is no question and the council concedes that the Board of Education has the sole authority and duty to select school sites. The question presented is whether the Common Council of the City of Syracuse can reject the selection of a new school site made by the Board of Education.

The Syracuse City Charter of 1885 (L 1885, ch 26) provided that the council has the power to raise tax money for the purchase of sites in the amount determined by the council to be necessary and proper (§ 180). The Board shall have the power to contract for purchasing sites *authorized by the council* (§ 178). Chapter 543 of the Laws of 1907 repealed charter provisions of 1885 and provided in section 13 that the Commissioner of Public Works shall have the power when authorized by the Board of Estimate and Apportionment for and in behalf of the City of Syracuse to acquire by purchase or

---

1. The 7 to 1 vote in favor of the resolution is insufficient for passage since an ordinance voted upon the same day it is introduced requires unanimous approval for passage (Syracuse City Charter, art 4, § 4-103, subd [z]; L 1885, ch 26, as amd by Local Law No. 7, 1935; Second Class Cities Law, § 35).

condemnation property for school purposes. By chapter 684 of the Laws of 1905 the council had the power to acquire land for municipal purposes, including schoolhouses by directing the Commissioner of Public Works to begin condemnation proceedings. Chapter 300 of the Laws of 1914 repealed chapter 684 of the Laws of 1905 and authorized the Common Council of the City of Syracuse to acquire lands for schoolhouse sites and *by ordinance* to direct the Commissioner of Public Works to begin condemnation proceedings.

Former section 876 of the Education Law, as enacted by chapter 786 of the Laws of 1917 (see, now, Education Law, § 2556, subd 8; § 2557) states in part: "The Board of Education may purchase real property for any of the purposes authorized by law * * * *except that in a city where the common council* * * * *or other city officers or body* *are authorized* and empowered *by law to acquire title to real property for school purposes under the laws in force at the time this act goes into effect, said council* * * * *shall continue to possess such powers* and shall exercise the same, including the power to condemn real property for said purposes, under the provisions of law relating thereto *notwithstanding any of the provisions contained in this act".* (Emphasis supplied.)

Since the Common Council was authorized by law to acquire title to real property for school purposes prior to June 8, 1917 it, therefore, continues to possess such power. The legislative scheme plainly provides that the power to initiate the selection of a new school site is vested exclusively in the Board subject only to the veto power of the council to accept or reject the site recommended. The council is without authority to choose a different site itself *(Kane-Cadillac Co. v City of Buffalo,* 128 Misc 835, 837). In short, the Board proposes; the council disposes.

In the case submitted to us we find that following the establishment of the cost of acquisition and construction for the new school, two proposed ordinances came before the council. The first, in order of business, was a bonding ordinance to provide adequate funds for the acquisition and construction of the school; the second, was an ordinance authorizing the acquisition of lands for the construction of the school. Since the bonding ordinance failed of enactment before the council, the acquisition ordinance was withdrawn. Thus the site recommended by the Board was rejected by the council (CPLR 3222, subd [b], par 4).

We conclude and declare that the rejection of the school site by the council was within its lawful statutory power and that such action by the council did not infringe upon the exclusive authority vested in the Board to select a site for the proposed new school.

MOULE, J. P., SIMONS, MAHONEY and WITMER, JJ., concur.

Judgment unanimously granted in favor of defendant, without costs, in accordance with opinion by CARDAMONE, J.