In the Matter of MOMBACCUS EXCAVATING, INC., Appellant, v TOWN OF ROCHESTER, NEW YORK, et al., Respondents.
[932 NYS2d 551]—

Mercure, J.P.

Petitioner, which operates sand and gravel mines on property it owns in the Town of Rochester, Ulster County, commenced this combined CPLR article 78 proceeding and action for

declaratory judgment seeking to annul Local Law No. 4 (2009) of the Town of Rochester. Enacted by respondent Town Board of the Town of Rochester in 2009, Local Law No. 4 amended respondent Town of Rochester's existing zoning law by, as relevant here, eliminating provisions that permitted unlimited gravel mining throughout the Town and restricting full-scale mining—i.e., mining subject to the jurisdiction of the Department of Environmental Conservation under the Mined Land Reclamation Law (see ECL 23-2703 et seq.)—to natural resource zones. Local Law No. 4 also divided petitioner's 269-acre parcel between two zoning districts, only one of which permits unlimited gravel mining. Supreme Court dismissed the petition and complaint, and issued a declaration in favor of respondents. Petitioner appeals and we now affirm.

Petitioner first argues that respondents violated the substantive requirements of the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]).* In that regard, our review is limited to whether the lead agency—here, the Town Board—" 'identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination' " (Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing, 82 AD3d 1384, 1385 [2011], lv denied 17 NY3d 705 [2011], quoting Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007]; see Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d 1377, 1378 [2011]). In our view, the Town Board fulfilled its obligations under SEQRA in enacting Local Law No. 4, and its determination was not arbitrary, capricious or unsupported by the evidence (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232).

The record establishes that, following an unsuccessful attempt to revise the zoning code in 2007, the Town Board established the Comprehensive Plan, Zoning Code and Map Task Force in 2008, which was charged with reviewing the existing zoning regulations and maps, and then reporting to the Town Board. After holding numerous meetings that were open to public observation, the task force submitted its report, along

* We agree with petitioner that Supreme Court erred in determining that it lacked standing to assert certain of its objections under SEQRA. It is well settled that "where the challenge is to the SEQRA review undertaken as part of a zoning enactment, the owner of property that is the subject of rezoning . . . has a legally cognizable interest in being assured that the town satisfied SEQRA before taking action to rezone its land" (Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687 [1996] [internal quotation marks and citations omitted]).

with proposed zoning amendments. The Town Board held several public workshop meetings on the proposed amendments, as well as five public hearings at which it received written and oral comments from interested parties. As part of its review process, the Town Board referred the matter to the Ulster County Planning Board—which provided written recommendations—as well as to other municipal entities. The Town Board also considered petitioner's written comments, examined maps and studies, and reviewed the Town's comprehensive plan.

In addition, the Town Board retained a planning consultant, who submitted recommendations and prepared a long environmental assessment form that the Town Board reviewed, adopted and posted on the Town's Web site. The environmental assessment form fully set forth the relevant environmental concerns, including the housing, mining and groundwater resource issues raised by petitioner here, as well as the effect of the proposed amendments on those areas of concern. Ultimately, the Town Board issued a lengthy negative declaration of environmental significance that detailed its analysis with respect to each area of concern. Under these circumstances, we conclude that the Town Board fully complied with the requirements of SEQRA (*see* 6 NYCRR 617.3 [c] [1]; 617.7 [a], [b], [c]; *Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of Town of Wawarsing*, 82 AD3d at 1386; *Matter of Granger Group v Town of Taghkanic*, 77 AD3d 1137, 1142 [2010], *lv denied* 16 NY3d 781 [2011]; *Matter of Anderson v Lenz*, 27 AD3d 942, 944-945 [2006], *lv denied* 7 NY3d 702 [2006]). Moreover, we note that designation as a type I action does not, per se, necessitate the filing of an environmental impact statement (*see Matter of Troy Sand & Gravel Co. v Town of Nassau*, 82 AD3d at 1378; *Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of Town of Wawarsing*, 82 AD3d at 1386), nor was one required here.

Petitioner's remaining contentions require little further discussion. First, we note that section 140-28 (c) of Local Law No. 4, which regulates only mining operations that are exempt from Department of Environmental Conservation permit requirements, does not violate the Mined Land Reclamation Law (*see* ECL 23-2703 [2] [c]) nor is it superceded by that statute (*see* ECL 23-2703 [2] [b]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 680-683 [1996]). Next, we find that the division of petitioner's property is consistent with both the geographic characteristics of the land and petitioner's actual use thereof, and is not inconsistent with the Town's comprehensive plan (*see* Town Law § 272-a [11] [a]; *Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d at 684-686). And

finally, we conclude that the record does not support petitioner's claims that the Town Board improperly delegated its role as lead agency to the task force, the planning consultant or the attorney retained by the Town Board (*see Matter of Coca-Cola Bottling Co. of N.Y. v Board of Estimate of City of N.Y.*, 72 NY2d 674, 682 [1988]; *Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of Town of Wawarsing*, 82 AD3d at 1386; *Matter of Granger Group v Town of Taghkanic*, 77 AD3d at 1142), or that the Town Board targeted petitioner's property in bad faith.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.