# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**211**
**CA 11-01940**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

JOSEPH TUPPER, AS PRESIDENT AND ON BEHALF
OF SYRACUSE PROPERTY OWNERS ASSOCIATION,
STAMPEDE VI, LLC, HAMR, INC., AVON, INC.,
867 SUMNER AVE, L.L.C., JAKE AND BUCK, LLC,
OCOMSTOCK COMPANY, LLC, NORMAN ROTH, WILLIAM
OSUCHOWSKI, DAVID EADE, DAVID PATRUNO,
JENNIFER PATRUNO, BARBARA HUMPHREY, RENEE
MURRAY, YAJAIRA BRIZUELA, PAUL WALSH, CAROL
STONE AND BENJAMIN TUPPER,
PLAINTIFFS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

CITY OF SYRACUSE, COMMON COUNCIL OF CITY OF
SYRACUSE AND PLANNING COMMISSION OF CITY OF
SYRACUSE, DEFENDANTS-RESPONDENTS.

HOCHERMAN TORTORELLA & WEKSTEIN, LLP, WHITE PLAINS (ADAM L. WEKSTEIN
OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

MARY ANNE DOHERTY, CORPORATION COUNSEL, SYRACUSE (MEGHAN P. MCLEES
CRANER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 19, 2011 in a declaratory judgment action. The judgment, among other things, dismissed plaintiffs' complaint.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying those parts of defendants' motion to dismiss the first, second, fourth and fifth causes of action except with respect to the claims of plaintiff Benjamin Tupper, reinstating those causes of action for all plaintiffs except Benjamin Tupper, and granting those parts of plaintiffs' cross motion, with the exception of Benjamin Tupper, for summary judgment on the first, second, fourth and fifth causes of action and judgment is granted in favor of plaintiffs, with the exception of Benjamin Tupper, as follows:

It is ADJUDGED and DECLARED that General Ordinances 20 and 21 of 2010 of the City of Syracuse are invalid,

and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs are the owners of non-owner occupied houses within the Syracuse University Special Neighborhood District (District) in defendant City of Syracuse (City), as well as an unincorporated association of owners of those properties, and the president of that association. They commenced this action seeking, inter alia, to declare invalid General Ordinances 20 and 21 of 2010 of the City and to recover damages and attorneys' fees for alleged violations of their rights to due process under the Fifth and Fourteenth Amendments of the United States Constitution and article 1 (§ 6) of the New York Constitution. General Ordinance 20 established, inter alia, the requisite amount of space for workable parking spaces and the maximum square footage allowed for open surface parking areas for one- and two-family residences. That ordinance applied to all one- and two-family residences within the District. General Ordinance 21, inter alia, imposed parking requirements for one- and two-family residences that were owned by absentee owners. Those properties were required to have one off-street parking space for each potential bedroom. Although existing absentee-owner properties were exempt from the new requirements, the owners of those properties would be required to meet the new parking requirements if they made any "material changes" to the properties.

In their complaint plaintiffs alleged, inter alia, that defendants had failed to comply with Second Class Cities Law § 35 and Syracuse City Charter § 4-103 (2) when the Common Council adopted the ordinances on the same day on which they were introduced without unanimous consent; that defendant Planning Commission of City of Syracuse, as the lead agency, failed to follow the dictates of article 8 of the Environmental Conservation Law ([SEQRA] State Environmental Quality Review Act); that defendants had violated General City Law § 20 (24) and Syracuse City Charter § 5-1302 because General Ordinance 21 treats absentee-owner properties differently from owner-occupied properties; and that defendants violated their constitutional due process rights in adopting the ordinances.

Defendants moved to dismiss the complaint pursuant to, inter alia, CPLR 3211 (a) (1), (5) and (7). Plaintiffs cross-moved, inter alia, to convert defendants' motion to dismiss to one for summary judgment and to grant plaintiffs summary judgment declaring invalid the ordinances and awarding them damages and attorneys' fees. Supreme Court granted the cross motion in part, by converting the motion to one for summary judgment. Although the court determined that all plaintiffs except Benjamin Tupper had standing to maintain the action, the court granted defendants' "motion to dismiss the complaint." On this appeal, we conclude that the court erred in part, and that plaintiffs were entitled to summary judgment declaring General Ordinances 20 and 21 of 2010 invalid. We therefore modify the judgment accordingly.

Contrary to plaintiffs' contention, defendants adhered to the procedural requirements of SEQRA (*see generally* ECL article 8; *Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 306-307). "[O]ur review is limited to whether the lead agency . . . identified the relevant areas of environmental concern,

took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*Matter of Mombaccus Excavating, Inc. v Town of Rochester, N.Y.*, 89 AD3d 1209, 1210, *lv denied* ___ NY3d ___ [Feb. 21, 2012] [internal quotation marks omitted]; *see Matter of Neville v Koch*, 79 NY2d 416, 424-425).  In our view, defendants fulfilled their obligations under SEQRA.

We likewise reject plaintiffs' contention that defendants violated their due process rights under the federal and state constitutions.  "In order for a zoning ordinance to be a valid exercise of the police power it must survive a two-part test:  (1) it must have been enacted in furtherance of a legitimate governmental purpose, and (2) there must be a 'reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end' " (*McMinn v Town of Oyster Bay*, 66 NY2d 544, 549).  We note at the outset that we agree with plaintiffs that their contention that defendants violated their due process rights is not barred by res judicata inasmuch as neither plaintiffs nor defendants have had an opportunity to litigate those precise issues insofar as they concern the ordinances at issue herein (*see generally Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501).

A city ordinance, as a legislative enactment, is presumed constitutional and the burden is on plaintiffs to establish that "defendant[s] acted in an arbitrary and irrational way" (*Welch Foods v Wilson*, 277 AD2d 882, 886; *see generally Duke Power Co. v Carolina Envtl. Study Group*, 438 US 59, 83; *McMinn*, 66 NY2d at 548-549).  "An [ordinance that] has been carefully studied, prepared and considered meets the general requirement for a well-considered plan . . . The court will not pass on its wisdom" (*Asian Ams. for Equality v Koch*, 72 NY2d 121, 132).  Although plaintiffs contend that defendants are not entitled to summary judgment at this juncture of the litigation because plaintiffs need additional disclosure, the "[m]ere hope that somehow [plaintiffs] will uncover evidence that will prove a case provides no basis pursuant to CPLR 3212 (f) for postponing a determination of a summary judgment motion" (*Wright v Shapiro*, 16 AD3d 1042, 1043 [internal quotation marks omitted]; *see Rowland v Wilmorite, Inc.*, 68 AD3d 1770, 1771).  Plaintiffs were afforded voluminous documentation pursuant to a request under the Freedom of Information Law (Public Officers Law art 6), and they have failed to establish that additional discovery will enable them to prove their case.  We thus conclude that defendants met their burden of establishing that "the provision[s are] reasonably related to the legitimate governmental purposes of eliminating traffic congestion due to on-street parking . . . and serve[] to enhance traffic safety by removing cars from the [City's] streets" (*Adar v Incorporated Vil. of Lake Success*, 160 AD2d 829, 830, *lv denied* 76 NY2d 712).  Plaintiffs failed to raise a triable issue of fact or to establish that they could do so with additional discovery.

We agree with plaintiffs, however, that defendants violated Second Class Cities Law § 35 and Syracuse City Charter § 4-103 (2) when the Common Council adopted the ordinances on the same day on which they were introduced.  The statute provides in relevant part

that "[n]o ordinance shall be passed by the common council on the same day in which it is introduced, except by unanimous consent," and the charter section contains language to the same effect. The statute and charter do not specify whether the "unanimous consent" required is consent to the ordinance itself or consent to the procedure of taking the vote on the same day on which the ordinance is introduced. We need not resolve that ambiguity because, under either interpretation, there was not the requisite unanimous consent.

It is undisputed that three of the nine councilors voted "nay" to the ordinances. Thus, if the unanimous consent required is consent to the merits of the ordinances (see Board of Educ. of City of Syracuse v Common Council of City of Syracuse, 50 AD2d 138, 140 n 1, lv denied 38 NY2d 709; Yonkers R.R. Co. v Hume, 225 App Div 313, 318; Andrello v Dulan, 49 Misc 2d 17, 20), then there was not unanimous consent. If the unanimous consent required is consent to the procedure of taking the vote on the same day on which the ordinances were introduced (see Matter of Hushion v Barker, 253 App Div 376, 378), then we also conclude that there was not unanimous consent. Indeed, one of the councilors objected to taking the vote that day, noting that, "without question, we have been asked to vote on [the ordinances] in a hasty manner." That same councilor stated that a neighborhood planning body was meeting the next day to discuss the ordinances, and he questioned what kind of message would be sent to them if the Common Council voted before their meeting was held. He further questioned why the Common Council could not have scheduled a meeting for after that of the planning body. We thus conclude that those comments constitute an objection to the procedure of taking the vote that day.

We further agree with plaintiffs that General Ordinance 21 was enacted in violation of General City Law § 20 (24) and Syracuse City Charter § 5-1302 because the ordinance is not uniform for each class of buildings within the District. The statute and charter provide in relevant part that the City has the power "[t]o regulate and limit the height, bulk and location of buildings hereafter erected, to regulate and determine the area of yards, courts and other open spaces, and to regulate the density of population in any given area, and for said purposes to divide the city into districts. Such regulations shall be uniform for each class of buildings throughout any district, but the regulations in one or more districts may differ from those in other districts" (General City Law § 20 [24] [emphasis added]; see Syracuse City Charter § 5-1302).

Contrary to defendants' contention, the statute and charter section apply to General Ordinance 21 inasmuch as that ordinance regulates open spaces. The creation of off-street parking regulations is included in the authority to regulate the use of land and open spaces (see Salkin, New York Zoning Law and Practice § 7:45 [4th ed 2011]). The uniformity required by the statute and charter is uniformity "for each class of buildings throughout any district" (General City Law § 20 [24] [emphasis added]; see Syracuse City Charter § 5-1302). To avoid the uniformity requirements, defendants contend that absentee-owner properties are in a different "class" from owner-occupied properties. That contention lacks merit inasmuch as

" '[t]he uniformity requirement is intended to assure property holders that all *owners* in the same district will be treated alike and that there will be no improper discrimination' " (Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 61, Town Law § 262, at 64 [emphasis added], quoting *Augenblick v Town of Cortlandt*, 104 AD2d 806, 814 [1984] [Lazer, J.P., dissenting]).  Uniformity provisions protect against legislative overreaching by requiring regulations to be passed without reference to the particular owners (*see id.*).  General Ordinance 21 treats buildings within the same class differently based solely on the status of the property owner, i.e., absentee property owners as opposed to owners who occupy the property.  Even though such a distinction may be constitutionally valid, it is invalid under the uniformity requirements of the General City Law and the City of Syracuse Charter.

We thus declare General Ordinances 20 and 21 of 2010 of the City invalid.  In view of our determination, we see no need to address plaintiffs' remaining contentions.

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court