Matter of Brunner v Town of Schodack Planning Bd. (2019 NY Slip Op 08753)





Matter of Brunner v Town of Schodack Planning Bd.


2019 NY Slip Op 08753


Decided on December 5, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 5, 2019

528529

[*1]In the Matter of Adam Brunner, Individually and as Co-President of Birchwood Association, et al., Appellants,
v
Town of Schodack Planning Board et al., Respondents.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


McNamee Lochner PC, Albany (John J. Privitera of counsel), for appellants.
Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for Town of Schodack Planning Board, respondent.
Whiteman Osterman & Hanna LLP, Albany (John J. Henry of counsel), for Scannell Properties #262, LLC, respondent.
Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for Town of Schodack Planning Board, respondent.


Whiteman Osterman & Hanna LLP, Albany (John J. Henry of counsel), for Scannell Properties #262, LLC, respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered January 28, 2019 in Rensselaer County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Town of Schodack Planning Board granting a request by respondent Scannell Properties #262, LLC for a special permit.
In 2018, respondent Scannell Properties #262, LLC submitted an application to respondent Town of Schodack Planning Board for site plan approval and a special permit in connection with a project involving the construction of a sales distribution center in the Town of Schodack, Rensselaer County. The project was designated a type I action pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), and the Planning Board acted as the lead agency for purposes of environmental review. Following public hearings, the Planning Board, in July 2018, issued a SEQRA negative declaration and notices of decision granting the application. Petitioners thereafter commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, to annul the Planning Board's determination and directing it to prepare an environmental impact statement (hereinafter EIS). Following joinder of issue, Supreme Court, as relevant here, dismissed the petition. This appeal ensued.
"SEQRA requires an [EIS] when an agency action may have a significant effect on the environment and such an impact is presumed to be likely where, as here, a type I action is involved; however, a type I action does not, per se, necessitate the filing of an EIS" (Matter of Village of Ballston Spa v City of Saratoga Springs, 163 AD3d 1220, 1222-1223 [2018] [internal quotation marks and citations omitted]; see Matter of Citizens for Responsible Zoning v Common Council of City of Albany, 56 AD3d 1060, 1061 [2008]). When the lead agency finds that there will be no adverse environmental impacts or that such impacts will be insignificant, it can issue a negative declaration without the necessity of an EIS (see Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie, 3 NY3d 508, 520 [2004]; Matter of Gabrielli v Town of New Paltz, 116 AD3d 1315, 1316 [2014]; Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1349 [2013]). "Judicial review of an agency determination under SEQRA is limited to whether the lead agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Schaller v Town of New Paltz Zoning Bd. of Appeals, 108 AD3d 821, 822-823 [2013] [internal quotation marks, brackets and citations omitted]; see Matter of Mombaccus Excavating, Inc. v Town of Rochester, N.Y., 89 AD3d 1209, 1210 [2011], lv denied 18 NY3d 808 [2012]). The court's role is not to second-guess the agency's determination (see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]; Matter of Anderson v Lenz, 27 AD3d 942, 944 [2006], lv denied 7 NY3d 702 [2006]).
Petitioners assert that the Planning Board failed to comply with SEQRA by not taking a hard look at several areas of environmental concern — namely, the impact on groundwater quality, traffic, public safety and community character — and that the preparation of an EIS was required. We disagree. The Planning Board had before it, among other things, the environmental assessment form (hereinafter EAF), a geotechnical engineering report, a stormwater management report, the recommendation of the Town Engineer and traffic impact studies and analyses. The Planning Board held public meetings, heard comments from the public and considered responses thereto. More specifically, the stormwater management report described stormwater basins, oil/water separators and other facilities that would be incorporated into the project to detain and treat stormwater and protect against any potential impact upon nearby water wells and the underlying aquifer. Relying upon this report, a report on topography and groundwater flows and other information, the Planning Board indicated that there would be only small impacts to the groundwater. The EAF noted that the project would comply with all water control regulations and would not significantly affect the underlying aquifer. The Planning Board also considered traffic impact studies and analyses, indicating that the surrounding roadway network and intersections had sufficient capacity to accommodate traffic generated by the project, and the comments provided by the Department of Transportation regarding mitigation measures designed to address traffic concerns.[FN1] Regarding fire safety, the EAF noted that Scannell Properties talked with the local fire company and that a state-of-the-art fire suppression system would be installed in the distribution center. Finally, the record discloses that the area for the project was already zoned for distribution facilities and the project was consistent with the community's character. In view of the foregoing, Supreme Court correctly found that the Planning Board took the requisite hard look at the areas of environmental concern and satisfied its obligations under SEQRA (see Matter of Town of Mamakating v Village of Bloomingburg, 174 AD3d 1175, 1179 [2019]; Matter of Village of Ballston Spa v City of Saratoga Springs, 163 AD3d at 1226; Matter of Gabrielli v Town of New Paltz, 116 AD3d at 1318; Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y., 224 AD2d 95, 100 [1996], lv denied 89 NY2d 802 [1996]).
Nor do we find merit in petitioners' claim that they or the public were deprived of a meaningful opportunity to participate in the review process. The Planning Board, as the lead agency, was required to "make every reasonable effort to involve project sponsors, other agencies and the public involved in the SEQR[A] process" (6 NYCRR 617.3 [d]). The record discloses that two public meetings were held and the public was given an opportunity to provide written comments. Petitioners acknowledge that they participated in these hearings and submitted written comments. Petitioners' contention that they did not have a chance to comment after Scannell Properties provided supplemental information to the Town Engineer in June 2018 does not, under the circumstances of this case, mandate reversal. Furthermore, petitioners' argument that the review process was rushed is without merit given that the regulatory scheme does not provide for a minimum time for such process. To the contrary, the scheme sets forth maximum time frames by when the lead agency must act (see 6 NYCRR 617.6 [b] [3] [ii]). Petitioners' remaining arguments have been considered and are without merit.
Garry, P.J., Egan Jr. and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: To the extent that petitioners contend that the traffic studies were deficient because such studies did not analyze certain exits on the highway, we find this contention to be without merit. In this regard, the Planning Board was not required to investigate every conceivable area of concern (see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 307 [2009]).